## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MINGO JUNCTION STEEL WORKS, LLC,**

      **Plaintiff,**

**v.**

**CIVIL ACTION NO. 5:19-cv-200**
**Judge John Preston Bailey**

**STARVAGGI INDUSTRIES, INC., and**
**METAL SERVICES, LLC, d/b/a PHOENIX**
**SERVICES LLC,**

      **Defendants.**

### STARVAGGI INDUSTRIES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

In response to plaintiff Mingo Junction Steel Works, LLC's ("Plaintiff") Complaint, defendant Starvaggi Industries, Inc. ("Starvaggi") states as follows:

### Answer

For its answer to the Complaint, Starvaggi states as follows:

1. Starvaggi lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2. Starvaggi admits the allegations contained in Paragraph 2 of the Complaint.

3. With respect to the allegations contained in Paragraph 3 of the Complaint, Starvaggi admits that Metal Services is engaged in slag handling and scrap metal recovery. Starvaggi lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 3 of the Complaint.

4. Starvaggi lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint.

5. Starvaggi admits the allegations contained in Paragraph 5 of the Complaint.

6. Starvaggi admits the allegations contained in Paragraph 6 of the Complaint.

7. Starvaggi denies the allegations contained in Paragraph 7 of the Complaint.

8. Starvaggi admits the allegations contained in Paragraph 8 of the Complaint.

9. Starvaggi lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10. Starvaggi admits the allegations contained in Paragraph 10 of the Complaint.

11. Starvaggi admits the allegations contained in Paragraph 11 of the Complaint.

12. Starvaggi admits the allegations contained in Paragraph 12 of the Complaint.

13. With respect to the allegations contained in Paragraph 13 of the Complaint, Starvaggi admits that an October 1, 1947 letter agreement between Weirton Steel Company and Weirton Ice & Coal Supply Company expressly provides that if Weirton Steel Company required any of the slag as fill on any of its Weirton, West Virginia properties, Weirton Ice & Coal Supply Company was required to move it to the particular property. To the extent the allegations contained in Paragraph 13 of the Complaint are inconsistent with this admission, they are denied.

14. Starvaggi denies the allegations contained in Paragraph 14 of the Complaint.

15. Starvaggi denies the allegations contained in Paragraph 15 of the Complaint.

16. Starvaggi denies the allegations contained in Paragraph 16 of the Complaint.

17. With respect to the allegations contained in Paragraph 17 of the Complaint, Starvaggi admits that in accordance with a Lease Agreement dated July 29, 2008 between Starvaggi and Metal Services, Metal Services has conducted some slag reclamation activities on Plaintiff's Property. Starvaggi also admits that it is a successor by merger to Weirton Ice & Coal Supply Company. Starvaggi denies the remaining allegations contained in Paragraph 17 of the Complaint.

18. Starvaggi denies the allegations contained in Paragraph 18 of the Complaint.

19. Starvaggi admits the allegations contained in Paragraph 19 of the Complaint.

20. Starvaggi admits the allegations contained in Paragraph 20 of the Complaint.

21. Starvaggi denies the allegations contained in Paragraph 21 of the Complaint.

22. Starvaggi denies the allegations contained in Paragraph 22 of the Complaint.

23. Starvaggi denies the allegations contained in Paragraph 23 of the Complaint.

24. Starvaggi denies the allegations contained in Paragraph 24 of the Complaint.

25. Starvaggi denies the allegations contained in Paragraph 25 of the Complaint.

26. Starvaggi denies the allegations contained in Paragraph 26 of the Complaint.

27. Starvaggi denies the allegations contained in Paragraph 27 of the Complaint.

28. Starvaggi denies the allegations contained in Paragraph 28 of the Complaint.

29. Starvaggi denies the allegations contained in Paragraph 29 of the Complaint.

30. Starvaggi denies the allegations contained in Paragraph 30 of the Complaint.

31. Starvaggi denies the allegations contained in Paragraph 31 of the Complaint.

32. Starvaggi denies the allegations contained in Paragraph 32 of the Complaint.

33. Starvaggi reasserts its responses to Paragraphs 1 - 32 of the Complaint.

34. Starvaggi lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint.

35. With respect to the allegations contained in Paragraph 35 of the Complaint, Starvaggi admits that with the consent and permission of Plaintiff's predecessors, Starvaggi and Metal Services have lawfully entered Plaintiff's Property and removed slag therefrom. Starvaggi also admits that it has never owned Plaintiff's Property. To the extent the allegations contained in Paragraph 35 of the Complaint are inconsistent with these admissions, they are denied.

36. Starvaggi denies the allegations contained in Paragraph 36 of the Complaint.

37. Starvaggi denies the allegations contained in Paragraph 37 of the Complaint.

38. Starvaggi denies the allegations contained in Paragraph 39 of the Complaint.

39. Starvaggi reasserts its responses to Paragraphs 1 - 38 of the Complaint.

40. With respect to the allegations contained in Paragraph 40 of the Complaint, Starvaggi admits that with the consent and permission of Plaintiff's predecessors, it and Metal Services have lawfully entered Plaintiff's Property and removed slag therefrom. To the extent the allegations contained in Paragraph 40 of the Complaint are inconsistent with this admission, they are denied.

41. Starvaggi denies the allegations contained in Paragraph 41 of the Complaint.

42. Starvaggi reasserts its responses to Paragraphs 1 - 41 of the Complaint.

43. Starvaggi denies the allegations contained in Paragraph 43 of the Complaint.

44. Starvaggi denies the allegations contained in Paragraph 44 of the Complaint.

45. Starvaggi denies the allegations contained in Paragraph 45 of the Complaint.

46. Starvaggi reasserts its responses to Paragraphs 1 - 45 of the Complaint.

47. With respect to the allegations contained in Paragraph 47 of the Complaint, Starvaggi admits that with the consent and permission of Plaintiff's predecessors, it and Metal Services have lawfully entered Plaintiff's Property and removed slag therefrom. Starvaggi also admits that it has never owned Plaintiff's Property. To the extent the allegations contained in Paragraph 47 of the Complaint are inconsistent with these admissions, they are denied.

48. Starvaggi denies the allegations contained in Paragraph 48 of the Complaint.

49. Starvaggi denies the allegations contained in Paragraph 49 of the Complaint.

50. Starvaggi denies the allegations contained in Paragraph 50 of the Complaint.

51. Starvaggi denies the allegations contained in Paragraph 51 of the Complaint.

52. Starvaggi denies the allegations contained in Paragraph 52 of the Complaint.

53. Starvaggi denies the allegations contained in Paragraph 53 of the Complaint.

54. Starvaggi denies the allegations contained in Paragraph 54 of the Complaint.

55. Starvaggi denies the allegations contained in Paragraph 55 of the Complaint.

56. Starvaggi denies that Plaintiff is entitled to any of the relief it requests in the Complaint.

57. Starvaggi denies each allegation in the Complaint that is not expressly admitted herein.

## Affirmative Defenses

In further response to the Complaint, Starvaggi asserts the following affirmative defenses:

1. Starvaggi has the right to enter the tract Plaintiff defined as "Plaintiff's Property" in its Complaint and engage in slag reclamation and removal activities thereon because Starvaggi has acquired the property through adverse possession.

2. Starvaggi has the right to enter the tract Plaintiff defined as "Plaintiff's Property" in its Complaint and engage in slag reclamation and removal activities thereon because Plaintiff's predecessors in interest gave Starvaggi that right.

3. Starvaggi has the right to enter the tract Plaintiff defined as "Plaintiff's Property" in its Complaint and engage in slag reclamation and removal activities thereon because Plaintiff's predecessors in interest waived the right to prevent Starvaggi from doing so.

4.	Plaintiff is estopped from preventing or precluding Starvaggi from entering the tract Plaintiff defined as "Plaintiff's Property" in its Complaint and engaging in slag reclamation and removal activities thereon based on the conduct of Plaintiff's predecessors in interest.

5.	Starvaggi owns the slag on the tract Plaintiff defined as "Plaintiff's Property" in its Complaint.

6.	Starvaggi reserves the right to add affirmative defenses based on newly discovered information.

                              **STARVAGGI INDUSTRIES, INC.,**

                              BY SPILMAN THOMAS & BATTLE, PLLC

                              /s/ James A. Walls
                              James A. Walls (WV Bar # 5175)
                              Joseph V. Schaeffer (WV Bar # 12088)
                              48 Donley Street, Suite 800
                              P.O. Box 615
                              Morgantown, WV 26507-0615
                              Ph. 304.291.7920
                              Fax 304.291.7979
                              jwalls@spilmanlaw.com
                              jschaeffer@spilmanlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MINGO JUNCTION STEEL WORKS, LLC,

    Plaintiff,

v.

                CIVIL ACTION NO. 5:19-cv-200
                Judge John Preston Bailey

STARVAGGI INDUSTRIES, INC., and
METAL SERVICES, LLC, d/b/a PHOENIX
SERVICES LLC,

    Defendants.

## CERTIFICATE OF SERVICE

    I hereby certify that on the 16th day of July, 2019, I electronically filed **"STARVAGGI INDUSTRIES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO MINGO JUNCTION STEEL WORKS, LLC'S COMPLAINT"** with the Clerk of the Court using the CM/ECF system, which will send notification to the following:

| | |
|---|---|
| Michael C. Cardi | Michelle Baldwin |
| Bowles Rice LLP | Dickie, McCamey & Chilcote, P.C. |
| 125 Granville Square, Suite 400 | 2001 Main Street, Suite 501 |
| Morgantown, WV 26501 | Wheeling, WV 26003-2854 |
| mcardi@bowlesrice.com | mbaldwin@dmclaw.com |
| *Counsel for Plaintiff* | *Counsel for Metal Services, LLC* |

              /s/ James A. Walls
              James A. Walls (WV Bar # 5175)
              Joseph V. Schaeffer (WV Bar # 12088)
              Spilman Thomas & Battle, PLLC
              48 Donley Street, Suite 800
              P.O. Box 615
              Morgantown, WV 26507-0615
              Ph. 304.291.7920
              Fax 304.291.7979
              jwalls@spilmanlaw.com
              jschaeffer@spilmanlaw.com

11952175